THE STATE v. RICE.

1. **Criminal Law**: PROSTITUTION: WHAT CONSTITUTES. Whether or not a woman is a prostitute is a question of fact, which does not alone depend on the number of persons with whom she has had illicit intercourse, but in determining which a jury may consider her general conduct and other circumstances tending to show whether or not she so holds herself out to the public.

2. ——: PROSECUTION FOR LIBEL: INSTRUCTION. In a prosecution for libel in which the defendant is convicted, an erroneous instruction given the jury cannot be held to be without prejudice, although the jury were told that the instructions are advisory merely, and not binding upon them.

*Appeal from Butler District Court.*

SATURDAY, JUNE 18.

INDICTMENT for a libel. Trial by jury; verdict guilty; judgment, and defendant appeals.

No appearance for appellant.

*Smith McPherson, Attorney General*, for the State.

SEEVERS, J.—The court instructed the jury as follows: "The indictment charges, as I think, those matters which are libelous as to Lucy Picket. The first, that she aided her daughter, Mrs. Royce, in carrying on the business of a prostitute in the house of Deacon Picket. To justify under the charge the defendant should prove that

1. CRIMINAL LAW: prostitution: what constitutes.

Mary Royce carried on the business of a prostitute in the house in question and was aided by Lucy Picket. It would not be enough to show that Mary Royce in the house in question had illicit commerce with one person, but it should go further and show that she submitted her person to illicit sexual intercourse with various persons; it need not be indiscriminately with all persons, but it should go farther than incontinence with one or two persons, and it should be shown that Lucy Picket knowingly aided in the business of prostitution."

The presumption is there was evidence upon which the foregoing instruction could be properly based. *McMillan v. B., & M. R. R. Co.*, 46 Iowa, 231. The question then is whether a prostitute, or one who carries on the business of such, has been correctly defined in the foregoing instruction. The thought of the instruction seems to be that Mary Royce must have submitted her "person to illicit sexual intercourse with various persons" and that "incontinence with one or two persons would not be sufficient." Now as we understand the jury were told as a matter of law that the acts aforesaid would not be sufficient to constitute Mary Royce a prostitute. It is certainly true, we think, a woman may be a prostitute and carry on the business of such if she so holds herself out to the world. Her house may be so designated by a sign as to make this clearly apparent. She may upon the street or in other public or private places so conduct herself as to make it clear that she is a prostitute, and that such is her occupation. It is not essential, therefore, that Mary Royce should have "submitted her person to illicit sexual intercourse with various persons" and that "incontinence with one or two persons" would not be sufficient to show she was a prostitute.

We think it was for the jury to say whether this would be sufficient, taking into consideration the circumstances and the acts and conduct of Mary Royce at the time and before the sexual intercourse took place.

In other words the accompanying circumstances are im-

portant, and it is not for the court to say the sexual intercourse alone is, or is not, sufficient to establish the woman to be a prostitute.

II. The statute provides: In all prosecutions or indictments for libel, the truth thereof may be given in evidence to the jury, and if it appear to them that the matter charged as libellous was true, and was published with good motives and for justifiable ends, the defendant shall be acquitted. Code, § 4099. The constitution also so provides. The statute further provides: "In all indictments and prosecutions for libel the jury, after having received the direction of the court, shall have the right to determine at their discretion the law and the fact. Code, § 4102.

*2. ——: PROSECUTION for libel: instruction.*

The court in substance instructed or said to the jury the instructions given to them were advisory only, that they were not bound to follow them, and that they had the right to determine both the law and fact.

As no argument has been filed by counsel for appellant we do not desire for the first time to determine the meaning of the foregoing statute to any greater extent than is absolutely required.

The jury may acquit the defendant in any criminal case in direct opposition to the instructions of the court. In so doing they determine both the law and fact. Now it is suggested whether this is not the meaning of the statute aforesaid. But, be this as it may, the court had the right to instruct the jury in this as in any other criminal case, and the conclusive presumption must be indulged that the jury will follow the instructions of the court. Therefore it cannot be said an erroneous instruction is not prejudicial because the jury have the right to determine both the law and fact.

REVERSED.