## Spolek Denni Hlasatel v. Aloisie Hoffman.

1. PRACTICE—*Objections Not Made in Motion for New Trial, Waived.* —An objection to a ruling of the trial court not made in a motion for a new trial is deemed to have been waived.

2. WORDS AND PHRASES—*Libel Defined.*—A libel under our statute comprehends a malicious defamation expressed by printing or the like, tending to impeach the honesty, integrity, virtue or reputation of one living, and thereby exposing him or her to public hatred, contempt, ridicule or financial injury.

3. EXEMPLARY DAMAGES—*In Libel.*—Proof that defendant acted without malice, and merely repeated or reported what he heard from others, might be competent as mitigating damages, but not as barring the right of the plaintiff to recover exemplary damages. Where the falseness of the libel is proved, as a general rule, it is sufficient to warrant the jury in giving exemplary damages.

4. SLANDER—*Repetition of Offense May be Shown in Aggravation of Damages.*— In an action of slander, the plaintiff may prove a repetition of the slander even after the commencement of the suit in aggravation of damages.

Trespass on the Case, for libel. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 30, 1902.

Spolek Denni Hlasatel v. Hoffman.

**Statement.**—Appellant is a corporation publishing a newspaper printed in the Bohemian language in Chicago. In May, 1899, appellee was living separate and apart from her husband, having applied for a divorce. The 27th of that month an article appeared in appellant's paper which, after giving what purports to be a story of the courtship and marriage experiences of appellee, couched in language which is not particularly complimentary to her, and might be deemed in some respects defamatory, continues as follows : " From that time on it appears his wife (meaning appellee) slighted him, and sought elsewhere a substitute, although she had a little girl now six years old. She frequently absented herself from her home.  *  *  *  They no more than moved to their new residence when Mrs. Hoffman began to throw up to him that she did not need him any more. She herself would go out nights after nine o'clock.  *  *  *  A peculiar circumstance, however, served him (the husband) well. On the 30th of September, last year, he was alone at home with his little child, lying on his bed. He was dreaming. In that interval he saw his wife, who did not know of his presence at home, begin to make love with their neighboring saloon-keeper, Angelic. He quickly jumped up, but the seducer ran away. On that day he left the house and returned on the 3d of October, when she drove him out, saying that she had no more use for him." The remainder of the article is not now especially material, and need not be quoted.

It is charged in the declaration that by the statement that appellee slighted her husband " and sought elsewhere a substitute " it was meant and intended to charge appellee with the crime of adultery and with having sexual intercourse with a man or men other than her lawful husband; and that the statement that appellee's husband saw his wife " begin to make love with their neighboring saloon-keeper Angelic," and that when the husband jumped up "the seducer ran away," was made " meaning and intending thereby to charge the plaintiff with having had unlawful sexual intercourse with said Angelic, and meaning and

intending to charge thereby that this plaintiff and the said Angelic were interrupted in the commission of the offense of adultery.

Special pleas were filed by appellant in which the issues sought to be raised were, as stated by appellant's counsel, " first, that the language of the publication was not intended to and did not convey to the readers of the article the meaning alleged and attributed to it in the declaration; second, that the publication was a fair *bona fide* comment in a newspaper upon the conduct of the plaintiff in her public capacity; third, that the facts set out in the article were true."

The jury found a verdict in favor of appellee, awarding damages in the sum of $1,800. Judgment was entered accordingly.

FANNING & HERDLICKA, attorneys for appellant.

MALLEY & SIMS, attorneys for appellee; V. A. GERINGER, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action on the case for libel. At the close of all the evidence, appellant requested the trial court to instruct the jury to find a verdict of not guilty. It is urged that the article complained of does not, either in terms or by fair inference, charge appellee with committing adultery, and that therefore the trial court erred in refusing to so instruct. It appears, however, as suggested by appellee's attorneys, that this objection was not made upon the motion for a new trial. It must be deemed, therefore, to have been waived. Ill. Cent. R. R. Co. v. Johnson, 191 Ill. 594, and cases there cited. Moreover, neither in the motion for a new trial nor in the assignment of errors is it suggested that the verdict is contrary to the evidence. But whatever may be said as to the meaning to be ascribed to the statement that appellee " sought elsewhere a substitute " for her husband, the further statement that her husband saw her " begin to make love " with another man who is called " the

Spolek Denni Hlasatel v. Hoffman.

seducer," amply justifies the finding of the jury that the language meant and was intended to charge appellee with the intention, at least, to have unlawful intercourse; and it is open to the further imputation also that she was interrupted in the commission of the act with "the seducer." A libel under our statute comprehends a malicious defamation expressed by printing or the like, tending to impeach the honesty, integrity, virtue or reputation of one living and thereby exposing him or her to public hatred, contempt, ridicule or financial injury. (R. S., Chap. 38, Sec. 177.) That the publication complained of comes within the statutory definition, can not, in our opinion, be reasonably open to question. The statements are made directly as of facts vouched for by appellant's newspaper upon its own responsibility. It appears also, from the evidence introduced by appellant, to have been made recklessly upon the mere statement of appellee's husband, from whom she was seeking and from whom she afterward obtained a divorce, without investigation as to the truth of the statements.

Appellant was allowed to show that the reporter who wrote the article procured the alleged information from the husband, who was, or just before had been, under arrest at appellee's instance. It is complained, however, that appellant was not allowed to introduce the conversation in detail. Objection to such evidence was sustained, and we think properly. The article published purports to state facts indorsed as such by the paper, not mere charges made by the husband. It was proper to permit appellant to show in mitigation of damages that the statements made were received from the husband, but the details of the conversation were immaterial and entirely incompetent.

It is objected that the court erred in refusing two of appellant's offered instructions which told the jury in substance that appellant was not liable unless it published the words complained of maliciously; that if the publisher believed the words to be true, though they were untrue, no recovery could be had. "Proof that defendant acted without malice, and merely repeated or reported what he had

heard from others, might be competent as mitigating the damages, but not as barring the right of the plaintiff to recover exemplary damages. In Bergmann v. Jones, 94 N. Y. 51, it was said : 'Where the falseness of the libel is proved, as a general rule, it is sufficient to warrant the jury in giving exemplary damages.'" Hintz v. Graupner, 138 Ill. 158–167. The instructions were properly refused.

It is urged that it was error to admit in evidence an article published in appellant's newspaper about two months later than that involved in this controversy, stating that this suit had been commenced, that appellee alleged the statements of the former article to be untrue, and that in order to "mend her battered reputation she asks for a plaster in the form of $10,000." We think the evidence was properly submitted for consideration by the jury. It called special attention to the former article, which it is said " she alleges " is untrue, states that her reputation is " battered," and that she is seeking a " plaster " to mend it. In an action of slander the plaintiff may prove a repetition of the slander even after the commencement of the suit, in aggravation of damages. Hintz v. Graupner, *supra*, p. 165. It is true also as to similar statements after suit commenced, that they may tend to show the intent of the first statement. Hinkle v. Davenport, 38 Ia. 355. See also Ransom v. McCurley, 140 Ill. 626; Robbins v. Fletcher, 101 Mass. 115.

There is evidence tending to show that before commencing this suit appellee called on appellant and asked for a retraction. No attention was paid to her request. The jury were justified, we are compelled to conclude, in finding that the publication was malicious. And this even though there was no actual malice toward appellee, and as is said in Ransom v. McCurley, *supra*, " there was no motive other than that willful disregard of the rights of others and the welfare of society, which is even more dangerous and reprehensible than actual malice."

The amount awarded by the jury is not so extravagant under the evidence as to justify the interference of this

court, even if a smaller sum would have been more satisfactory. It is a matter wholly within the province of the jury, and we find no evidence that the conclusion was influenced by passion or prejudice.

Finding no material error in the record the judgment will have to be affirmed.