## EUGENE WARD *vs.* WILLIAM J. DICK.

In an action of slander the plaintiff can recover damages only for the slanderous words charged in the declaration.

Where the same slander has been since repeated, evidence of the repetition is admissible for the purpose of showing malice in the original speaking, but not as a ground in itself for additional damages.

Where a defendant maliciously and for the purpose of spreading and perpetuating the slander, pleads the truth of the words in justification and fails to prove it, it may be regarded as evidence of malice in the original speaking of the words, and may thus tend indirectly to increase the damages, but it is not of itself a cause for which damages may be directly assessed.

ACTION on the case for slander; brought to the Superior Court in Fairfield County, and tried to the jury, on the general issue, with notice of proof of the truth of the words uttered, before *Hovey, J.* Verdict for the plaintiff, and motion for a new trial by the defendant for error in the

charge of the court. The case is sufficiently stated in the opinion.

*A. S. Treat* and *W. F. Taylor*, in support of the motion.

*S. Fessenden* and *G. Stoddard*, contra.

GRANGER, J. The only question in this case which we think it important to consider is with regard to a misdirection in the charge of the judge. The action is an action of slander, and the slanderous words alleged are that the defendant, on the 20th day of November, 1875, said that the plaintiff was "a forger and had forged the defendant's name, and that he could and would send the plaintiff to the state prison for having committed the crime of forgery." The declaration contains three counts, each stating the same slanderous words in substance, and all on the same day. The cause was tried to the jury on the general issue, with notice that the defendant would prove that on the 23d day of July, 1875, the plaintiff, having in his hands a check made on the 14th of that month by James W. Tappan for $57.95, in favor of the defendant, upon the Second National Bank of New York, and payable to the defendant's order and then his property, without authority and with intent to defraud the defendant, falsely endorsed the check with the defendant's name and in imitation of his signature, and presented the check so endorsed to the cashier of the Connecticut National Bank of Bridgeport for payment, and then falsely represented to the cashier that the name endorsed was the genuine signature and in the handwriting of the defendant, with intent to defraud said bank and the defendant; that the cashier then relying upon the apparent genuineness of the endorsement, and upon the representations of the plaintiff, paid to him the sum of $57.95; that the plaintiff about said 23d day of July, in like manner and with like intent endorsed other checks of the defendant payable to his order, the amount and particulars of which are known to the plaintiff, but are unknown to the defendant; and that if any of the words set forth in the plaintiff's declaration were spoken by the defendant concerning the plaintiff,

the same were spoken concerning the checks aforesaid, and the endorsement thereof by the plaintiff.

Upon the trial the plaintiff having introduced evidence of the speaking by the defendant of the slanderous words charged in the declaration, introduced evidence without objection of the repetition of the same after the bringing of the suit, for the purpose of showing the motive which induced the original defamation.

It was admitted by the plaintiff, and appeared in evidence, that on the 29th or 30th of July, 1875, while the plaintiff was in the charge and management of a hotel at Black Rock in the town of Bridgeport, called the Short Branch Hotel, under an arrangement with the defendant, he endorsed the name of the defendant on the check of one Tappan, for the sum of $57.95, payable to the order of the defendant, in whose name the business of the hotel was conducted, the same having been received by the plaintiff, who claimed to be a partner with the defendant in the business, in payment of a bill due from one of the guests of the hotel, and that the plaintiff presented the check so endorsed to a bank in Bridgeport, and received the money due thereon, and duly entered the same on the books of the hotel.

The court charged the jury that "when a party utters slanderous words, in the belief at the time that they are true, and repeats them afterwards when he has ascertained and knows them to be false, evidence of such repetition is admissible to aggravate or increase the damages."

We think this charge was calculated to mislead the jury, and may have led them to suppose that it was their duty to give damages not only for speaking the words originally, but also for such repetition.

The true rule in relation to after-spoken words is correctly laid down in the case of *Williams* v. *Miner*, 18 Conn., 472, by Chief Justice CHURCH, by whom the able opinion in that case was given, and in which all the other judges concurred. The language of the Chief Justice is as follows:—"As additional grounds of recovery these after-spoken slanderous words were not provable, and so the judge at the circuit ruled, but he properly admitted them to show the spirit of the defendant in

speaking the words already proved, that it was malicious and vindictive. Where the subsequent words impute the same crime, or may be fairly considered as equivalent to a renewal or repetition of the same defamatory charge as those already proved, they may be admitted as legitimate evidence of the original malice of the speaker, but not as separate grounds of action where there is no additional count to embrace them." In the case of *Swift* v. *Dickerman*, 31 Conn., 289, this principle is fully recognized and approved, and Judge SANFORD says in the opinion in that case, speaking of the evidence offered of words spoken after those alleged in the declaration:—"This evidence was used only for the purpose of showing the defendant's malice at the time he spoke the words declared on. It was admissible for no other purpose. The jury undoubtedly were, as they always are, instructed that no damage should be given for any defamatory utterances except that declared on in the case on trial." This is a safe and wholesome rule, and quite as rigid as it ought to be. We think the rule laid down by the judge at the circuit goes beyond this, and that it gives greater force to the after-spoken words than is warranted by law. No caution was given the jury in relation to the assessment of damages for the after-spoken words, the real object and purpose for which they were offered and the true ground of their admissibility seems to have been lost sight of, and the jury were told that such repetition was admissible, not as evidence of malice in the original speaking of the words, or as showing the motive which induced the original defamation, but to aggravate and increase the damages. It might be quite difficult for the jury to discriminate between actually estimating damages for each subsequent repetition of the words, and aggravating or increasing the damages consequent upon the original utterance. They were told that they might increase the damages in consequence of the repetition of the words, and they of course may have understood from this that they could add such sum to the damages for each repetition as they thought right, and so in effect give actual damage for words not declared on.

The charge of the court in relation to the effect of the

notice and the failure to prove the truth of the words spoken as bearing upon the question of damages, may possibly have misled the jury and induced them to give substantial damages directly for that cause. The jury were told that "when the defendant pleads and offers evidence, tending, but failing to prove the slanderous words he has spoken, it ought not, if it is done in good faith, and not with the purpose of spreading and perpetuating the slander, to aggravate the damages. But if it is not done in good faith, or if it was done with the purpose of spreading and perpetuating the slander, it is for the jury to say whether it ought not to aggravate the damages."

The first part of the above quotation is unexceptionable. The latter part is objectionable upon the same principle and for the same reason as the portion of the charge already considered.

We are aware of no principle upon which damages can be directly assessed to the plaintiff on account of the allegations in the defendant's plea and a failure to prove them. We suppose that the plaintiff must recover damages; if at all, upon the strength and sufficiency of the allegations in the declaration. If they fail him, the plea and the failure to prove it can render him no aid. The true rule seems to be this:—if the defendant maliciously, and for the purpose of spreading and perpetuating the slander, pleads the truth of the words in justification and fails to prove it, it may be regarded as evidence proving or tending to prove malice in speaking the words originally; and may tend indirectly to increase the damages for speaking the slanderous words charged in the declaration by showing the degree of malice in speaking them. It is a circumstance to be considered in estimating damages for the cause of action alleged in the declaration and proved, but is not of itself a cause for which damages may be directly assessed in that suit.

A new trial is advised.

In this opinion the other judges concurred.

NOTE.—Judge MARTIN of the Superior Court was called in to sit in the cases of *Ward* v. *Dick* and *Morris* v. *Bridgeport Hydraulic Co.*, to make a full court. In the other cases the briefs were by agreement submitted to Judge PARDEE, who joined in the decisions.