[S. F. No. 724.   Department Two.—September 25, 1897.]

JOSEPH TAYLOR, Respondent, v. WILLIAM R. HEARST, Appellant.

LIBEL—ABSENCE OF EXPRESS MALICE—COMPENSATORY DAMAGES—GOOD FAITH AND REASONABLE CARE PERTINENT ONLY TO PUNITIVE DAMAGES.—Where there is an absence of express malice in the publication of a libel, there being neither a willful intent to injure the plaintiff nor gross carelessness in the publication, the recovery is limited to compensatory damages; and the questions of good faith and reasonable care are pertinent only where the question of punitive damages is involved, and not where the inquiry is confined to compensatory damages, which may be recovered without regard to the good faith or caution which attended the publication.

ID.—APPEAL—LAW OF CASE—EXPRESS MALICE ELIMINATED—SECOND TRIAL—IMPERTINENT EVIDENCE.—Where, upon a former appeal, the question of express malice was entirely removed from the case, so that plaintiff's recovery was limited to compensatory damages, evidence offered upon the second trial addressed to the good faith of the publication, and to the negligence of the publisher, is properly ruled out, as not being pertinent to the inquiry.

ID.—INSTRUCTIONS—GOOD FAITH AND REASONABLE CARE—DAMAGES—ERROR WITHOUT INJURY.—Where the court instructed the jury as matter of law that punitive damages could not be awarded for the publication of the libel in question, an instruction as to the nature of good faith, and reasonable care, which could only be pertinent where punitive damages are involved, and had no bearing upon the facts of the case, is error without injury.

ID.—AMOUNT OF COMPENSATORY DAMAGES.—An award of five hundred dollars for compensatory damages for the publication of a libel without express malice cannot be regarded as excessive.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The main facts are stated in *Taylor v. Hearst*, 107 Cal. 262. Further facts are stated in the opinion of the court rendered upon this appeal.

W. W. Foote, for Appellant.

J. C. Bates, for Respondent.

HENSHAW, J.—This is a second appeal. The facts are substantially the same as those considered upon the first appeal. They will be found set forth at length in *Taylor v. Hearst*, 107 Cal. 262.

It will be observed that the question of express malice, which may be evidenced either by a willful intent to injure, or by gross carelessness, was, under the facts and the law as laid down in the former opinion, entirely removed from the case. This was the view taken by the trial court, and the jury was so instructed.

Plaintiff's recovery, therefore, was limited to compensatory damages. Certain questions asked of defendant's witnesses were ruled out under objections. These questions were addressed to the good faith of the publication, and to the negligence of the publisher. But good faith and reasonable care are pertinent inquiries where the question of punitive damages is involved, not where, the matter being libelous *per se* and its publication admitted, the recovery is expressly limited to compensatory damages. For a plaintiff under such facts is entitled to compensatory damages, without regard to the good faith or caution which attended the publication. (*Wilson v. Fitch*, 41 Cal. 363; *Taylor v. Hearst*, 107 Cal. 262; *Turner v. Hearst*, 115 Cal. 394; *Mc-*

*Allister v. Detroit Free Press Co.,* 76 Mich. 338; 15 Am. St. Rep. 318; *Scripps v. Reilly,* 38 Mich. 10; *Warner v. Press Pub. Co.,* 132 N. Y. 181.)

Instruction III, given by the court, is as follows: "Good faith requires of a publisher that he exercise the care and vigilance of a prudent and conscientious man, wielding, as he does, the great power of the public press. There must be an absence, not only of improper motives, but of negligence on the part of the defendant."

This instruction would have had pertinency if addressed to a case in which punitive damages were claimed. Upon the facts of this case it had no bearing, for as has been said, the court instructed the jury as matter of law that punitive damages could not be awarded. No injury, therefore, could have been worked appellant.

The award of five hundred dollars for compensatory damages cannot be regarded as excessive. (*Wilson v. Fitch,* 41 Cal. 363; *Gilman v. McClatchey,* 111 Cal. 606.)

The judgment and order appealed from are affirmed.

McFarland, J., and Temple, J., concurred.