EUDORA M. FAXON *vs.* CHARLES A. JONES.

Suffolk. March 22, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Slander — Malice — Evidence — Witness — Cross-examination.*

If, in an action of tort for slander, the plaintiff's testimony would warrant a finding by the jury that the defendant was actuated by express malice in calling the plaintiff a thief, additional damages for the injury to his feelings should be awarded on that account; and it is therefore competent for the defendant to answer "No" to the question "Whether or not you intended to accuse the plaintiff of the crime of stealing?" and the plaintiff having contended that the defendant's language as testified to by him, namely, "If you have got the money in your pocket and do not pay your rent, you are acting like a thief," the defendant being the plaintiff's landlord, was so spoken as to be an insinuation which would be understood as charging the plaintiff with being a thief, the answer is also competent as bearing upon this contention.

In an action of tort for slander, a witness having given testimony favorable to the plaintiff on the question in dispute between the parties as to what the defendant's words were, the defendant's contention being that his language did not constitute a charge of larceny against the plaintiff, but related only to a controversy about the payment of rent, it is competent to ask the witness in cross-examina-

tion, as tending to control or modify his testimony in chief, whether he did not understand the epithets used by the defendant towards the plaintiff to relate to the failure to pay rent; and his affirmative answer to this question is a modification of his direct testimony proper for the consideration of the jury.

TORT, for slander and assault. The defendant was the proprietor of the Hotel Huntington, situated on Huntington Avenue in Boston, and the plaintiff occupied as tenant of the defendant certain rooms on the first floor. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.*

*A. H. Latham*, for the plaintiff.

*R. W. Frost*, for the defendant.

KNOWLTON, J. The only questions in this case relate to the admission and exclusion of evidence. The action is for slander and assault. The plaintiff testified that in the presence of numerous persons the defendant stepped up to the plaintiff and shook his clinched fist in her face so near that she was obliged to withdraw her head a little in order to avoid being hit, and said to the plaintiff aloud, and in an angry tone, "You are a thief! you are a thief! you are a thief!" The defendant's account of the transaction was that the plaintiff was in arrears for rent of her rooms, and that when he spoke to her about it she said she had the money in her pocket and could pay at any time she wished, and that thereupon he said, "If you have got the money in your pocket and do not pay your rent, you are acting like a thief," and that this was all that he said. He also testified "that he didn't shake his clinched fist in the plaintiff's face, or anything like it." Against the plaintiff's objection, and subject to her exception, he was then permitted to answer "No" to the question, "Whether or not you intended to accuse Mrs. Faxon of the crime of stealing?"

It has been expressly adjudged in this Commonwealth that because a libel or a slander involves an injury to the feelings of the plaintiff, as well as to his reputation, his injury may be greater if the defamatory words are uttered with express malice than if there is only the malice which the law implies from

---

* For another decision growing out of the same transaction, see *Faxon v. Jones, ante*, 138.

intentionally doing, without justification, that which in its natural tendency is injurious. *Markham* v. *Russell,* 12 Allen, 573. "The jury have the right to consider the mental suffering of the plaintiff, up to the time of the trial, caused by the publication of these slanderous words." Morton, C. J., in *Marble* v. *Chapin,* 132 Mass. 225, 226. This suffering may be enhanced by knowledge of the malicious purpose of the slanderer, and this aggravation of the mental suffering of the plaintiff does not depend upon the effect produced by the words or manner of the defendant upon the persons to whom the slander or libel was published. The effect upon the plaintiff's reputation might be less in the estimation of the hearers if the defendant seemed to be actuated by malice than if he spoke with seeming candor. This kind of suffering comes from the disturbance of the plaintiff's feelings from the knowledge or belief that the defendant was actuated by express malice, however this knowledge or belief is derived. It matters not whether a plaintiff knows beforehand that the defendant cherishes a wicked purpose to cause him suffering, or whether he discovers it afterward. If at any time it comes to his knowledge that his enemy sought pleasure and satisfaction in deliberately doing him a grievous wrong, his indignation and pain caused by such knowledge ought to be paid for by the wrongdoer. Accordingly, evidence of previous or subsequent declarations or conduct of the defendant, as well as of his conduct and language at the time of the slander, is received for the purpose of proving express malice in aggravation of damages. *Baldwin* v. *Soule,* 6 Gray, 321. *Markham* v. *Russell,* 12 Allen, 573. *Robbins* v. *Fletcher,* 101 Mass. 115. *Clark* v. *Brown,* 116 Mass. 504. *Hastings* v. *Stetson,* 130 Mass. 76, 78. *Pearson* v. *Lemaitre,* 5 M. & G. 701. *Symonds* v. *Carter,* 32 N. H. 458. Odgers, Libel & Slander, (1st Am. ed.) 296. 13 Am. & Eng. Encyc. of Law, 438 and cases cited. See *Commonwealth* v. *Harmon,* 2 Gray, 289, 293; *Burt* v. *Advertiser Newspaper Co.* 154 Mass. 238.

The plaintiff's testimony would warrant a finding by the jury that the defendant was actuated by express malice, and that additional damages for the injury to her feelings should be awarded on that account. It was, therefore, competent for the defendant to introduce evidence that he had no hostile feelings

towards the plaintiff; and it well may be contended that his testimony that he did not intend to accuse her of stealing was competent upon this issue. Whenever one's actual feelings or intentions are in issue, as distinguished from his manifestation of them, he may testify directly upon that point. *Lombard* v. *Oliver*, 7 Allen, 155. *Snow* v. *Paine*, 114 Mass. 520, 526. *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574, 580.

The plaintiff also seems to have contended that the defendant's language as testified to by him was so spoken as to be an insinuation which would be understood as charging the plaintiff with being a thief. The judge admitted the answer as bearing upon this contention. We are of opinion that the evidence was competent. The witness Grace had given testimony favorable to the plaintiff on the question in dispute between the parties as to what the defendant's words were. The defendant's contention being that his language did not constitute a charge of larceny against the plaintiff, but related only to a controversy about the payment of rent, it was competent to ask the witness in cross-examination, as tending to control or modify his testimony in chief, whether he did not understand the epithets used by the defendant towards the plaintiff to relate to the failure to pay rent. His affirmative answer to this question was a modification of his direct testimony, proper for the consideration of the jury.

The evidence offered by the plaintiff and excluded pertained only to the question of damages, and the finding for the defendant makes it immaterial.

*Exceptions overruled.*