[S. F. No. 2174.    Department One.—September 6, 1902.]

## JOHN W. TURNER, Appellant, v. WILLIAM R. HEARST, Respondent.

LIBEL—MITIGATION OF DAMAGES—MISTAKE—DELAY IN CORRECTION—
AMOUNT OF DAMAGES—QUESTION FOR JURY.—In an action for libel, where the defendant did not deny the allegations of the complaint, but pleaded in mitigation of damages that the publication was the result of mistake, which was corrected when known, but it appeared that the retraction was not published until nearly sixty days after the publication of the libel, and thirty-one days after service of summons, and not until after the refusal of the plaintiff to accede to a proposition to publish the retraction, if plaintiff would dismiss his suit, the only question for the jury to determine was as to the amount of damages to be assessed.

ID.—ERRONEOUS INSTRUCTION—EXCLUSION OF EXEMPLARY DAMAGES.—
In such action, it was error for the court to instruct the jury, at the
instance of the defendant, that they could only give the plaintiff
such sum as would compensate him for the injuries caused by the
publication, and thus to exclude from the jury the question of ex-
emplary damages.

ID.—GROSS NEGLIGENCE—QUESTION FOR JURY—DECISION UPON FORMER
APPEAL—LAW OF THE CASE.—The decision upon the former appeal
(115 Cal. 401) that gross negligence or carelessness of the rights
of others is frequently equivalent in law to an intentional or mali-
cious disregard of those rights, and that whether or not the method
adopted by defendant's paper amounted to such disregard was a
matter for the jury under proper instructions of the court, is the
law of the case.

ID.—VERDICT FOR NOMINAL SUM—ERRONEOUS INSTRUCTION.—The case
is not one under which a verdict for a merely nominal sum was
proper; and it was error for the court to instruct the jury, at de-
fendant's request, that they were entitled to give the plaintiff as
small a sum as they thought him entitled to, and might give him a
verdict in a nominal sum, if they believed him entitled to no more,
and to refuse to instruct them that a nominal verdict would be a
denial of justice. The plaintiff was entitled to substantial dam-
ages, or damages reasonably adequate to the injury admittedly
suffered by him, and the jury should have been so instructed.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Wm. R. Daingerfield,
Judge.

The facts are stated in the opinion.

J. C. Bates, for Appellant.

Garret W. McEnerney, for Respondent.

SMITH, C.—This case was before the court on a former
appeal by the defendant from a judgment against him, which
was reversed (*Turner* v. *Hearst*, 115 Cal. 394). The present
appeal is by the plaintiff from a judgment in his favor for the
sum of one hundred and fifty dollars, and from an order deny-
ing his motion for new trial.

The suit was brought to recover damages for a publication
concerning the plaintiff in the defendant's newspaper, the
Examiner, of date December 7, 1893, which, as alleged in the
complaint, is as follows:—

" A long time ago, Lotta (meaning Miss Carlotta Crabtree)

made serious charges against Turner (this plaintiff meaning), alleging that he swindled her out of money, and she had him (this plaintiff meaning) arrested on a criminal charge. The case was compromised, together with the settlement of several thousand dollars in notes given by the Plumas County lawyer (this plaintiff meaning) to the actress (the said Carlotta Crabtree meaning)."

There is no denial of any of the allegations of the complaint. But it is pleaded by the defendant in mitigation of damages that the publication was the result of a mistake made by a reporter of the defendant's newspaper in transferring to its columns facts reported in the Post, by which the plaintiff was inadvertently referred to instead of another, and that "when this mistake came to the knowledge of the defendant he published a full and complete statement of the circumstances under which the mistake came to be made and fully exonerated the plaintiff from any and all of the matters stated in said item." This retraction was published February 4, 1894, nearly sixty days after the publication of the libel, and thirty-one days after service of summons. Nor was it published until after the refusal of the plaintiff to accede to a proposition made to him by the defendant, January 19, 1894, to publish the retraction, if plaintiff would dismiss his suit. Under this state of the pleadings the only question for the jury to determine was as to the amount of damages to be assessed.

On this question the court, at the instance of the defendant, instructed the jury that they could "only give the plaintiff such a sum as will compensate him for the injuries caused by the publication," thus excluding from the consideration of the jury the question of exemplary damages. But, under the instructions of the court previously given, it was for the jury to determine from the evidence whether the publication was either malicious in fact or the result of gross negligence or gross carelessness of the rights of the plaintiff or others; and these instructions are in accord with what was said by the court on the former appeal in this case (*Turner* v. *Hearst*, 115 Cal. 401).

" Gross negligence [it is there said] or carelessness of the rights of others is frequently equivalent in law to an intentional or malicious disregard of those rights"; and it is added:

"Whether or not the method adopted by the Examiner amounted to such disregard was a matter for the jury under proper instructions of the court." The instruction in question is obviously inconsistent with what is here said by the court, which is not only a correct statement of the law (Watson on Damages for Personal Injuries, sec. 729; Field's Law of Damages, sec. 88; *Childers* v. *Mercury Co.*, 105 Cal. 289, 290;[1] *Westerfield* v. *Scripp*, 119 Cal. 611-612), but has become the law of the case.

Other objections, more or less valid, are made to the instructions given by the court at the instance of the defendant, but it would be a tedious and unprofitable task to examine them all. The principles governing the question of damages applicable to the case are well settled and may be briefly stated; and it is to be hoped that on a new trial the instructions may be somewhat simplified.

There is one objection, however, of too much importance to be disregarded. In one of the instructions asked by the appellant the court was asked to instruct the jury, in effect, that in the case before them "a nominal verdict would be a denial of justice"; but in the modified instruction given this portion of the instruction was omitted; and the jury were instructed, at the instance of respondent, as follows: "You are entitled to give the plaintiff as small a sum as you think him entitled to, and may if you think him entitled to a verdict at all give him a verdict in a nominal sum,—say one dollar,—if you believe him entitled to no more." This instruction and the refusal of the court to give the instruction asked by the appellant can be justified only on the theory that the case was one in which a verdict for a merely nominal sum was proper. But this was not the case. The libel complained of was of a most serious character, and its publication, and all the facts alleged in the complaint, had been admitted. Nor was the tardy retraction of the libel by the defendant calculated to obviate the serious consequences of the libel, except to a limited extent. The plaintiff was therefore entitled to substantial damages for the injury admittedly suffered by him—that is to say, to "damages reasonably adequate" to the injury suffered, and the jury should have been instructed to that effect. (*Wolford*

---

[1] 45 Am. St. Rep. 40.

*v. Lyon Gravel G. M. Co.,* 63 Cal. 484-485; *Mariani* v. *Dougherty,* 46 Cal. 26; *Sanderson* v. *Caldwell,* 45 N. Y. 406.[1]) As said in the case last cited, "the plaintiff was entitled to be compensated for the injury to his reputation, caused by the wrongful publication. His character was not impeached. In such case, a nominal verdict would have been a denial of justice."

We advise that the judgment and order appealed from be reversed.

Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Garoutte, J., Van Dyke, J., Harrison, J.