SAMUEL B. GARRISON, DEFENDANT IN ERROR, v. JOHN M. ROBINSON, PLAINTIFF IN ERROR.

Submitted November 22, 1910—Decided March 6, 1911.

1. Where two distinct causes of action are tried at the same time, a party prevailing as to one has no legal complaint because of alleged errors which relate alone to the issue found in his favor although the other issue be determined against him.
2. While proof of facts showing lack of ill-will or malice, and an honest belief of the truth of the words used is permissible in mitigation of a claim for punitive damages in an action for slander, such evidence is not admissible when the damages sought are compensatory only, the right to punitive damages resting upon a wrongful intent to injure, and that of compensation on the actual injury suffered.

---

On error to the Bergen County Circuit Court.

For the plaintiff in error, *Edmund W. Wakelee* and *Wendell J. Wright*.

For the defendant in error, *Clifford L. Newman*.

The opinion of the court was delivered by

BERGEN, J. The plaintiff's action is based upon separate causes, the first count in his declaration charging slander, and the second assault and battery. The slanderous words are averred to have been spoken of the plaintiff by the defendant on January 14th, 1909, and the assault to have been com-

mitted March 16th, 1909. The slanderous words were, "You swore to a lie in the Lipkeman case; you are a perjurer and I can prove it; you are a liar, a crook, an animal, a skin and a hypocrite." These words were spoken at such a time and place as to constitute a sufficient publication to support an action, and it is not claimed that the occasion was privileged. The pleas to this count were not guilty, and justification upon the ground that they were true. The plea to the second count for the assault and battery was not guilty, and the two actions were tried before the same jury which found for the defendant, on the second count charging the assault and battery, and for the plaintiff on the first count, assessing his damages at $300, on which the judgment under review was entered.

The first, second and third assignments of error are based upon the refusal of the trial court to exclude evidence tendered in support of the count for assault and battery. As the judgment on this branch of the case was in favor of the defendant, we fail to see how the ruling, if erroneous, has injured the defendant. Whether there was error in the ruling we have not considered and do not determine because, if erroneous, the defendant was not harmed, for it had no relation to, or bearing on, the other issue which the jury determined in favor of the plaintiff. The argument that it is probable that it had some influence on the jury with reference to the amount of damages assessed on the first count, has no merit, because it assumes that the jury disregarded the very clear and explicit charge of the court that the evidence complained of could "only be used to throw light upon the charge, namely, that the defendant pushed him, or put him off the platform," this act being the foundation of the claim of the plaintiff that he was assaulted by the defendant two months after the alleged slander.

The fifth, sixth and seventh assignments of error challenge the competency of three witnesses—Mr. Holly, Mr. Endel and Mr. Sturges—to testify to the reputation of the plaintiff for truth and veracity in the community in which he lived, upon the ground that it did not appear that the witnesses knew the reputation of the plaintiff in Teaneck, where he resided. Each of the witnesses mentioned testified that they had known the

plaintiff for many years, and that each knew plaintiff's general reputation for truth and veracity in the community where he lived. While it is true that a witness to reputation must be one who by residence in the community, or otherwise, has had an opportunity to learn the community's estimate (1 *Greenl. Ev.*, § 461*d*), there is nothing in the record to show that these witnesses were not a part of the community in which plaintiff lived. That they lived in the same county with plaintiff; knew him for many years, and also his reputation for truth and veracity in the community where he lived, is the uncontradicted testimony in this case, and until these facts were controverted they sufficiently established the qualification of these witnesses to give the testimony objected to. Under the circumstances appearing in this case, the admission of their testimony was not error.

The fourth assignment of error is rested upon the overruling by the trial court of this question, "Was there any other testimony given at that trial except what you have testified to with regard to the completion of this contract?" This question was put to the justice of the peace, before whom the trial was had, in which it is charged the plaintiff committed perjury. Previous to this question, the witness had testified to what plaintiff had said on the trial, and the excluded question called upon the witness to state whether there was testimony other than that given by the plaintiff, but it does not appear in what manner other testimony, than that said to have been given by the plaintiff, would throw any light upon the question of what plaintiff testified to, for such other testimony was not chargeable to him. The argument of the plaintiff in error is that it was expected to show that the testimony given by the plaintiff was the only testimony given on the question whether a certain contract had been completed, and that as the justice relied upon it, it was material to the issue being tried before him, but it is obvious that the materiality of the testimony of plaintiff does not depend upon whether it stood alone or was corroborated, but upon what he testified to, and if he testified as charged, it was undoubtedly material to the issue tried.

The eighth assignment questions the correctness of this part of the charge of the court, "If the jury believe that all the testimony was not taken by the justice they have a right to consider carefully whether in what he did write, he wrote all that was said on that particular subject." It appeared that the justice of the peace, who was called as a witness to prove the testimony given by plaintiff in a suit before him upon which the charge of perjury was based, had no recollection of what was said except as he refreshed his memory by notes taken by him at the time. The memorandum appears in the record, and from it, and other testimony in the case, an inference may be drawn that he did not write all that plaintiff testified to, for the paper appears to be a *résumé* of what was said, not the precise words, and as the recollection of the witness depended entirely upon what he had written, and did not go beyond it, we think it was not error to instruct the jury that they should carefully consider whether he wrote all that was said, in view of the admitted fact that he had no recollection beyond what appeared on the paper. In addition to the above, the matter complained of is in the nature of a comment on evidence and is not reviewable on error.

Error is also assigned because the court upon request of defendant in error instructed the jury as follows: "If the verdict is for the plaintiff on the charge of slander, he is entitled to substantial damages, and not merely nominal damages," and that the court refused, as requested by plaintiff in error, to charge, "That if the jury find there was no legal malice, that is, that the alleged false and slanderous words were uttered with reasonable and probable cause by the defendant, he believing them to be true, then, even though the jury should determine that the words in fact were not true, there can be a verdict only for nominal damages," and that the court, although requested, refused to charge, "That if the jury should find from the evidence that the words used were in fact false, and that there was no malice on the part of the defendant, then their verdict can only be for nominal damages." Upon these assignments, and others of a similar character, the plaintiff in error presents and argues the proposition that if

slanderous words be used, he who uttered them, when called upon to make compensation for the actual injury done, may limit his liability to make compensation to nominal damages if, when he uttered the words, he had reason to believe them to be true. It will be observed that no question of punitive damages arises under the charge, or the refused requests. The charge complained of refers to substantial or compensatory damages as distinguished from nominal, and the requests refused, if complied with, would have taken from the jury the question of compensatory damages, and amounted to a direction of a verdict for nominal damages if it appeared that the defendant had reasonable cause to believe the slanderous words were true. The proposition of the plaintiff in error has no legal support, nor does he cite any authority therefor.

While the proof of facts tending to show lack of ill-will or malice, and an honest belief of the truth of the words used is permissible in mitigation of a claim for punitive damages in an action for slander, such evidence is not admissible when the damages sought are compensatory only, the right to punitive damages resting upon a wrongful intent to injure, and that of compensation on the actual injury suffered. *Knowlden* v. *Guardian Printing and Publishing Co.,* 40 *Vroom* 670; *Neafie* v. *Hoboken Printing and Publishing Co.,* 43 *Id.* 340.

It appears in the present case that the slanderous words were spoken at a school meeting, at which about one hundred persons were present, citizens of the community in which plaintiff had resided for many years; that he was then president of the board of education of the township of Teaneck, and had been for eight years; that his family, residing with him, consisted of his wife and seven children; that he was and had been for a number of years a member of the Methodist Episcopal Church of Hackensack, and that he was one of the vice presidents of the children's home in Hackensack, all of which tends to show that he enjoyed the respect and esteem of the community in which he resided.

That the words spoken were slanderous cannot be successfully disputed, and to say that the shame and mortification he must have felt in being publicly branded as a perjurer would

be compensated by a verdict for nominal damages would, in the words approved by this court in the case last cited, "be an utter disgrace to the administration of law."

The plaintiff in error also urges that the judgment in this case is "unwarranted in law," upon the ground that it awards costs to the plaintiff. The argument in support of this is that two issues were being tried, and the defendant having verdict in his favor on one, both parties succeeded in part and neither should have costs. It is enough to say concerning this point that the record shows but one judgment, and that is in favor of plaintiff, who, having prevailed on one of the issues, is. entitled to his costs.

All the other assignments of error have been considered, but no error requiring a reversal of the judgment under review is apparent.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ. 14.

*For reversal*—None.