JOHN F. CRANEY *vs.* JOHN DONOVAN.

Second Judicial District, Norwich, October Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Words, spoken or written, charging one with adultery, are actionable *per se.*

Proof of the mere publication of defamatory words gives rise to a legal presumption that they were false and made without lawful excuse, that is, that they were malicious; and hence the plaintiff, in the absence of proof of the truth of the charge or that it was a privileged communication, is entitled to general damages.

If the plaintiff, in an action for libel, proves malice in fact, he may recover not only general or compensatory damages, but in addition so-called punitive or exemplary damages, which under the rule in this State are limited to the expenses of litigation less the taxable costs. All these damages, however, are in reality but indemnification for the injury.

Craney *v.* Donovan.

Compensation and not punishment is the foundation of our actions for slander and libel; and therefore instructions which permit the jury to increase the actual or compensatory damage according to the degree or amount of actual malice shown to have been exhibited by the defendant, are erroneous and prejudicial, especially when coupled with an instruction which practically leaves the amount of damages to be awarded in such contingency to the unlimited discretion of the jury.

While the presence of malice in fact is a circumstance which may enhance the injury suffered by a plaintiff, and for that reason justify an award of larger damages than would otherwise be proper, his recovery is still to be measured in all cases by the actual injury he has sustained; in other words, the presence or absence of malice in fact is of importance only in its effect upon the real injury to one's character or reputation. It results from this principle that the terms "aggravation" and "mitigation," when applied—as is frequently the case—to actual damage or compensation, are misleading and confusing; for it is impossible to increase or to diminish actual or compensatory damages.

Damages which are reasonably certain to accrue in the future may properly be taken into account in actions for defamation.

It is not error for a trial judge to express his opinion in commenting upon the evidence.

In the present case the jury were instructed that if they found the defendant had "testified falsely" in respect to a certain matter, they might consider that fact in deciding what weight they would give to his other testimony; that the law did not require the jury to disregard his testimony entirely, though they might do so if they were satisfied from it that he was "unworthy of belief." *Held* that the words last quoted were the full equivalent of the phrase that the witness had "knowingly testified falsely."

Argued October 16th—decided December 15th, 1917.

ACTION to recover damages for alleged slander, with a count for libel, brought to the Superior Court in New London County and tried to the jury before *Reed, J.;* verdict and judgment for the plaintiff for $5,500, and appeal by the defendant. *Error and new trial ordered.*

*Jeremiah J. Desmond* and *John H. Barnes,* for the appellant (defendant).

*Joseph T. Fanning* and *Roderick M. Douglass,* for the appellee (plaintiff).

WHEELER, J. The complaint charges, in the first three counts, three separate slanders, and in the fourth count a libel. As to the first, second and fourth counts, the defendant admits the speaking and writing alleged. The charge in each count is adultery and hence constitutes words actionable in themselves.

The legal consequence of the speaking of the defamatory words was the creation of a legal presumption that the slanders were false and made without legal excuse, that is, with malice, and hence the plaintiff, in the absence of proof of the truth of the charge or that it was a privileged communication, would be entitled to general damage.

As to the libel, the defendant having given proof of his intention, and it not appearing that the defendant was requested in writing to retract the charge and had failed to comply, the plaintiff could not recover damages unless he proved that the defendant published the libel with actual malice, that is, with malice in fact. Upon such proof and in the absence of proof of the truth of the charge, or that it was a privileged communication, the plaintiff would be entitled to recover not only his actual or compensatory damages, but also what we term punitive or exemplary damages. The law presumes some damage from the use of defamatory words, and the person slandered is entitled to recover damages for all the injury done his reputation, and his feelings, and for all the mental suffering, which are the proximate result of the defamation.

In addition to the recovery of this general or compensatory damages, if the plaintiff prove that the defamatory words were uttered with actual malice, he may recover what is termed in our law punitive or exemplary or vindictive damages—damages by way of punishment, which by our rule are limited to the expenses of the litigation less the taxable costs. In fact

and effect these damages, also, are compensatory, as CHIEF JUSTICE TORRANCE pointed out in *Hanna* v. *Sweeney,* 78 Conn. 492, 62 Atl. 785.

The jury found the issues for the plaintiff, and the findings present the case of unfounded charges of adultery persistently made against the plaintiff and with vindictive malice. If deductions for punitive damages of the most generous estimate be made, it would leave the general or compensatory damages at a very large sum. There is no claim of special damage, and there are no facts recited in the findings which show any disturbance of the feelings or the mind of the plaintiff.

Assuming the plaintiff's character as of the best, the actual or compensatory damages for injury to his reputation and feelings and for mental suffering were assessed by the jury at a higher value than in any similar case in our jurisdiction. In view of the conclusion we have reached in regard to the charge on the subject of damages, and to the fact that the evidence is not a part of the record, we omit passing upon the claim that the damages are excessive.

In different parts of the charge the trial court instructed the jury as to the subjects of compensatory damages and exemplary damages, in accordance with our rule and substantially as stated in *Hassett* v. *Carroll,* 85 Conn. 23, 37, 81 Atl. 1013. The trial court went further and, among other things, said: "If the plaintiff is not satisfied with such damages [that is, actual or compensatory damages] then the burden is on him to prove actual malice, or malice in fact, for the purpose of enhancing or increasing the damages." Again: "Malice is said to be the principal ingredient in actions of slander, and damages to a great extent depend upon its existence in fact." Again: "Actual malice may be proved, however, in such a case for the purpose of

enhancing or increasing the damage, and the jury may consider all the evidence in the case in order to determine whether there was actual malice to determine the degree of malice which prompted the defendant's conduct." Again: "The absence of malice in fact in those cases where the law presumes malice, is not a defense to the action. However honest may have been the motive, if the words are in themselves slanderous, the fact that they were uttered without malice is never a full defense to the action. It is simply to be considered by you upon the question of damages. So that if there is much malice it is proper for you to assess more damages. If there is little or no malice, the damages should be only actual or nominal." Again: "If the jury find that the defendant has in bad faith pleaded a justification of the words uttered and published by him, and if he has attempted to support that plea by false testimony in court, it is proper for the jury to give, and it may give at its discretion, increased damages therefore." Again: "Upon the question of damages, the malice of the defendant will likely cut the largest figure in your deliberations." Again: "If you find for the plaintiff, the damages, being almost entirely within your judgment, may range anywhere from merely nominal to what is sometimes called exemplary or vindictive damages, according to the degree of the malice." Then follows a correct statement of our rule of exemplary damages.

Two principles of guidance, it is more than likely, the jury obtained from these instructions: 1. The greater the malice the greater the damage. 2. The amount of the damage is within the discretion of the jury.

Neither is sound. They savor of the common-law rule of punitive damages which does not prevail in this State. Compensation, not punishment, is the foundation of our action of slander and libel. These quota-

tions from the charge sustain the defendant's criticism that these instructions left it open to the jury to aggravate or increase the actual or compensatory damage if they found the charges to have been made with actual malice. The correctness of this instruction is the main ground of the appeal. If the actual or compensatory damages can be thus increased, it must follow that their absence would mitigate the actual damage. While malice is said to be a necessary ingredient of the action of slander and libel it has, except in the aggravated cases of actual malice, no significance save to mark the defamation as one without legal excuse. It does not lessen one's injury to know that the slanderer did not intend the injury, or that he acted in good faith. No amount of proof that the slander was without actual malice will lessen the injury, and no amount of proof that it was made with actual malice can increase or enhance the damage which measures the reasonable compensation for the injury done. "The time, place, manner, and other circumstances of the preparation and publication of defamatory charges," as well as the language of the charge, are admissible facts tending to prove the extent of the injury to the reputation and feelings, and tending to prove the malice of the charge. *Hassett* v. *Carroll*, 85 Conn. 23, 37, 81 Atl. 1013.

The existence of actual malice is one of the relevant and material circumstances in an action of slander or libel. It may tend to spread the charge of the slander or libel, or it may induce the hearers or readers to treat it more lightly than they would an utterance from a less prejudiced source. It may be that the reputation will not suffer as much if the hearers and readers know the motive of the charge to be actual malice, as when they believe the charge is made in good faith and without malice, or it may be exactly the reverse. Each case must be governed by its own circumstances and

setting.   Further proof of actual malice may disclose the injury to be greater in consequence of the publication of the charge in actual malice, and hence the compensatory damages will be greater because assessed in proportion to the actual injury.

The effect upon the feelings of him against whom the charge is made, may be greater where he knows and must carry with him the knowledge that another entertains actual malice against him.   So his mental suffering from the defamation may be greater from his consciousness of the malicious motive behind the charge. And such injury to his feelings and his mental suffering may arise whenever the knowledge that this charge was made in actual malice comes home to him.   The injury may be increased by the presence of actual malice, and hence it is said that proof of actual malice may aggravate the damage.   What it does is to increase the injury, and the damage which accrues is compensation for the increased injury.

This is the doctrine of the Massachusetts court; damages allowed are compensatory, punitive damages are never allowed.   *Faxon* v. *Jones*, 176 Mass. 206, 208, 57 N. E. 359.   In *Burt* v. *Advertiser Newspaper Co.*, 154 Mass. 238, 245, 28 N. E. 1, Judge Holmes summarized their rule: "The damages recovered are measured in all cases by the injury caused.   Vindictive or punitive damages are never allowed in this State. Therefore, any amount of malevolence on the defendant's part in and of itself would not enhance the amount the plaintiff recovered by a penny, and reasonable cause to believe the charges or absolute good will would not cut it down."   Id.   *Schattler* v. *Daily Herald Co.*, 162 Mich. 115, 128, 127 N. W. 42.

The true rule is that actual damages cannot be mitigated or enhanced, but every fact which tends to show that the injury was less or more than if these

facts did not exist, is admissible, for these show the extent of the actual injury, and that measures the limit of the compensatory damages.

The terms "aggravation" and "mitigation" of damages are used in the books and in our own reports in connection with actual damage or actual compensation. Such a use of these terms is confusing. For example, it is often said that evidence of the plaintiff's character is admissible either in aggravation or mitigation of the damages. What is meant is, that the character of the plaintiff is one of the essential facts affecting the extent of the injury done. If it is good the damage is greater; if bad, less.

Our rule of punitive or exemplary damages has been applied from an early date to all tortious injuries which are wanton or malicious. *Linsley* v. *Bushnell*, 15 Conn. 225, 236; *Beecher* v. *Derby Bridge & Ferry Co.*, 24 Conn. 491, 498. We applied it in actions of negligence, trespass, deceit, and assault, but perhaps the first instance in a libel or slander action was in *Ward* v. *Dick*, 47 Conn. 300, 304. We have not always made the distinction between compensatory and punitive damages with clearness. Nor have we at all times kept clear the limitations which our rule places upon the award of punitive damages. Thus in *Haight* v. *Hoyt*, 50 Conn. 583, 586, it is stated: "Malice is a principal ingredient in the action of slander, and damages to a great extent depend upon its existence in fact." And in *Arnott* v. *Standard Association*, 57 Conn. 86, 93, 17 Atl. 361, it is said: "Damages are to be graduated by the degree to which the motive is únjustifiable and improper." In the first instance the court was treating of punitive damages, and what was said in this connection shows that the court had a clear conception of the distinction between compensatory and punitive damages. In the second instance the question of damages formed no

part of the appeal, and whether the remark is applicable to compensatory damage or to punitive, we cannot tell. In *Ward* v. *Dick,* 47 Conn. 300, 304, we said proof of malice in speaking the words charged is admissible, "and may tend indirectly to increase the damages for speaking the slanderous words charged in the declaration by showing the degree of malice in speaking them. It is a circumstance to be considered in estimating damages for the cause of action alleged in the declaration and proved, but is not of itself a cause for which damages may be directly assessed in that suit." This may have referred to punitive damages, but if not, it does not permit the actual or compensatory damages to be increased. It says that the proof of malice may indirectly increase the damages, and this would be true in case the injury to the feelings was augmented or mental suffering increased by the fact that the charge was made in actual malice. That would be measuring the extent of the actual damage and giving compensation for it. It would not authorize an increase of the compensatory damages beyond the point of compensation for the injury done. Properly read, we think that neither *Ward* v. *Dick,* nor any of our decisions, reach the point of saying that the compensatory damages may be increased if actual malice be found.

Very generally the authorities hold that good intention, good faith and the absence of actual malice, are not admissible in mitigation of the actual or compensatory damage. *Taylor* v. *Hearst,* 118 Cal. 366, 50 Pac. 541; *Callahan* v. *Ingram,* 122 Mo. 355, 369, 374, 26 S. W. 1020; *Young* v. *Fox,* 26 N. Y. App. Div. 261, 271, 49 N. Y. Supp. 634; *Rearick* v. *Wilcox,* 81 Ill. 77, 81; *Garrison* v. *Robinson,* 81 N. J. L. 497, 501, 79 Atl. 278; *Candrian* v. *Miller,* 98 Wis. 164, 171, 73 N. W. 1004; *Clair* v. *Battle Creek Journal Co.,* 168 Mich. 467,

473, 134 N. W. 443; *Massee* v. *Williams*, 124 C. C. A. 492, 505, 207 Fed. Rep. 222, 235; *Palmer* v. *Mahin*, 57 C. C. A. 41, 45, 120 Fed. Rep. 737, 741. Some of the authorities thus holding assert generally that actual malice has no place in a trial for the actual or compensatory damages and is only important in the claim for punitive damages. But this leaves out of consideration the fact that malice is one of the circumstances surrounding the defamation, and all such are necessary considerations in estimating the compensatory damage, and may affect the extent of the mental suffering and injury to the feelings.

The trial court did not limit the estimate of the compensatory damages in the case of proof of actual malice. On the contrary, it left open to the jury the extent of the increase of damages due to actual malice. It made the presence or absence of malice the factor upon which all but nominal damages should hang; and it left the amount of the damage to be measured wholly by the discretion of the jury if actual malice was found. This was erroneous; and the extraordinary damages found demonstrate that they accepted the instructions as conferring upon them a discretion without limit.

The other exceptions require but brief notice. The charge that the jury might consider future damages as one of the elements of recovery was correct. The damages were to be assessed once for all.

The court did not err in indirectly expressing its opinion in its comments upon the evidence. Nor were the instructions so argumentative in character as to be erroneous. The trial court was within our rule so frequently announced as to forbid present repetition.

Complaint is made of the charge: "But if you do find that he wrote them, and has testified here falsely about it, then you are at liberty to consider that circumstance

in weighing his other testimony, for it is always proper for the jury, if they find a witness has testified falsely in one particular, to consider that in deciding what weight they will give to his other testimony. The doctrine is sometimes referred to as *falsus in uno, falsus in omnibus*—that is, false in one thing, false in all. But it is not a principle of law that if you find a witness false in one particular that you should disregard his testimony entirely. You may do so if you are satisfied from it that he is unworthy of belief, but it does not follow that you must do so."

It is said that the failure to state that the false testimony must have been made knowingly, wilfully or intentionally, made this instruction erroneous. While this addition would have conformed the instruction to that usually given, it was not essential in view of what the trial court did say. It said that if the jury found that the defendant had "testified falsely" in some particular, they might "consider that in determining what weight they will give to his other testimony," and that they might disregard the defendant's testimony "if satisfied from it that he is unworthy of belief." This later phrase was the full equivalent of the phrase "that he had knowingly testified falsely."

There is error and a new trial is ordered.

In this opinion RORABACK and SHUMWAY, Js., concurred.

BEACH, J. (dissenting). I dissent because the charge of the court on the subject of damages appears to me to be correct. The court said, *inter alia:* "Under our law it is not the purpose of this action, that is, an action of libel and slander, to punish the defendant for his offense, but to compensate the plaintiff for his in-

juries. . . . If you come to the question of damages, you will give the plaintiff such damages as in your opinion will fairly compensate him for the injury done to his reputation by reason of the defamatory words." Then, after correctly pointing out the considerations which might influence the jury in estimating general compensatory damages, and repeating the rule that "if the jury finds that the statements were false as claimed by the plaintiff, the plaintiff is entitled to such damages as would be a compensation for the injury sustained as the natural or probable consequences of the slander or libel," the court charged the jury upon the relation of actual malice to compensatory damages as follows: "Where the words uttered or published are in themselves actually libelous or slanderous, the mental suffering occasioned by the publication of the defamatory words may be taken into consideration by the jury for the purpose of estimating general and compensatory damages. And it has been held that because a libel or slander involves an injury to the feelings of the plaintiff as well as to his reputation, his injury may be greater if the defamatory words are uttered with express malice than if there is only the malice which the law implies from intentionally doing . . . that which in its natural tendency is injurious."

It was after thus correctly instructing the jury on the subject of general compensatory damages, that the court told the jury that the damages "being almost entirely within your judgment, may range anywhere from merely nominal to what is sometimes called exemplary or vindictive damages, according to the degree of malice," and then properly instructed them that "damages beyond the actual compensation for the injury" were to be limited to the expenses of litigation, less taxable costs.

When the above quoted portions of the charge are

added to the collection of excerpts contained in the opinion, it seems to me that no logical basis is left for the conclusion that the court did not surround its charge upon the subject of damages with proper and sufficient limitations.

In this opinion PRENTICE, C. J., concurred.