[Civ. No. 2366.   Third Appellate District.—October 24, 1921.]

WILLIAM PLUMB, Appellant, v. HENRY F. STAHL et al., Respondents.

[1] LIBEL—COMMISSION OF CRIME—WHEN CHARGE LIBEL PER SE.—It is libel *per se* to charge a person with the commission of a crime involving moral turpitude.

[2] ID.—ADMISSION OF LIBEL—RIGHT OF PLAINTIFF TO VERDICT—INSTRUCTIONS.—In an action for damages for libel growing out of the publication by defendants in their newspaper of a charge that plaintiff had committed a burglary and that he was suspected of having committed another burglary, where there is no pretense that the libel was not published and no pretense that the language used was true, the plaintiff is entitled to a verdict for damages, and it is error for the court to charge the jury that it is their province to determine whether or not damages should be allowed.

APPEAL from a judgment of the Superior Court of Solano County.   W. T. O'Donnell, Judge.   Reversed.

The facts are stated in the opinion of the court.

Frank A. Duryea for Appellant.

Joseph M. Raines and W. U. Goodman for Respondents.

PREWETT, J., *pro tem.*—The respondents published in their newspaper a charge that appellant had committed a burglary and that he was suspected of having committed another burglary. The appellant lived and carried on business within the city in which the libel was published. The respondents admit that the charge is untrue, and thereby admit the commission of the libel. The appellant sued for damages. The language charged is clearly libelous *per se*. Words of doubtful import and words of two or more meanings are not libelous unless the jury finds that they were used in a libelous sense. [1] But it has always been held that it is libel *per se* to charge a person with the commission of a crime involving moral turpitude. In this case there is no pretense that the libel was not published and no pretense that the language used is true. [2] Under this state of facts the appellant was entitled to a verdict for damages, and it was error for the court to charge the jury that they might find to the contrary. The publication being admitted, it was error to charge the jury that it was their province to determine whether or not damages should be allowed. Under the law the appellant should have had a verdict.

In *Childers* v. *Mercury etc.*, 105 Cal. 289 [45 Am. St. Rep. 40, 38 Pac. 903], the court says:

"This publication charged plaintiff with the commission of a felony.

"It was false, not privileged, and libelous *per se*. Upon such a state of facts, the cause of action for actual damages is conclusively established. And the amount and measure of damages are the only questions left for litigation." This case has been frequently cited with approval.

In *Taylor* v. *Hearst*, 107 Cal. 262 [40 Pac. 392], the court holds that: "It was not necessary that damages resulting from injury to the feelings be specially alleged, or that proof of such injury be specially given." In this case it is further held that an erroneous verdict in a libel case will be set aside, even though the court may think that only nominal damages will be awarded, citing in support of the doctrine the case of *Lick* v. *Owen*, 47 Cal. 252. This cited case shows that, if a publication be libelous and not privileged, the presumption that it is malicious is conclusive and cannot be rebutted.

"If the publication is a libel *per se,* the plaintiff is entitled to recover compensatory damages." (*Gilman* v. *McClatchy,* 111 Cal. 606 [44 Pac. 241].)

"The plaintiff was therefore entitled to substantial damages for the injury admittedly suffered by him—that is to say, to damages reasonably adequate to the injury suffered, and the jury should have been instructed to that effect." (*Turner* v. *Hearst,* 137 Cal. 232 [70 Pac. 18].)

A large number of similar cases are drawn to the attention of the court, but a detailed examination of them is unnecessary, since they are in harmony with the foregoing. Our attention has not been drawn to any case to the contrary. The respondents are evidently convinced that none exist for they have cited none.

That form of malice the existence of which cannot be rebutted is a legal malice or malice in law. The libel being admitted, this form of malice is conclusively presumed. But malice in fact—a vexatious purpose to injure—may be rebutted, and the cases cited by respondents go wholly to this form of malice.

The respondents, by asking the court to charge the jury that they might find a verdict for any sum above one cent and not exceeding the amount claimed by the appellant, concede the soundness of his claim that he proved his case when he showed the publication of the libel.

The court, in a number of instances, modified the proposed instructions by charging the jury that it rested with them to find whether or not the appellant was damaged. This relegated to the jury the conclusive presumption that the article complained of was libelous and entitled the appellant to damages, and charged them in effect that they might disregard that presumption. One or two examples of a number will illustrate this point. In instruction numbered 6, the court says: "In connection with that portion of the article which I have already instructed you is libelous *per se,* (it) subjects the defendants to liability for damages to the plaintiff, if you so find from the evidence." And in the ninth instruction, the court uses this language: "The plaintiff is entitled to verdict against the defendants for such general or actual damages, if any, as you may find from the evidence." These modifications left it to the jury

to determine whether or not they would find a verdict for the appellant.

Under the admitted facts of the case, the appellant was entitled to a verdict. Even if the court had not made these modifications, we would still be under the necessity of reversing the judgment, since the evidence does not justify the verdict.

The judgment is reversed.

Finch, P. J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 23, 1921, and the following opinion then rendered thereon:

PREWETT, J., *pro tem.*—In denying the petition in this case for a rehearing, it is proper to add that it was error to require the witness, Mrs. Plumb, to testify on cross-examination, as to the whereabouts of her son and as to other matters concerning him and his companion. These matters were not in issue and their truth or falsity was a matter of no moment in this case. Likewise, the testimony of Officer Malone along the same lines should not have been admitted.

Evidence of the publication in the newspaper of respondents, about one month prior to the publication of the libel in question, and entitled "Crook Tried to Rob Store," was for like reasons improperly admitted. That someone attempted to commit the burglary in the publication mentioned may be conceded, but the respondents do not claim that the appellant did it or was in any manner connected with it. The proofs showed that the store referred to is under the office used by the appellant as a taxicab office. The evidence could only have been offered for the purpose of prejudicing the case of the appellant, in view of the charge in the libel that he was suspected of having attempted the burglary. It was otherwise wholly immaterial.

Other points urged by appellant do not require special notice. The appellant chose to tender the issue that the libel was published "maliciously," and so long as the complaint remains in its present shape he must bear the burdens arising from that tender. The respondents are entitled to

meet the charge of malice (in order to reduce the amount of punitive damages) by appropriate pleadings and evidence. If the demands of the appellant had been limited to mere compensation for the actual injury suffered, of course, the proofs would have been limited to that question. Under that state of the issues, the respondents would have been restricted to proofs minimizing the extent of the actual injury suffered. (*Davis* v. *Hearst,* 160 Cal. 143 [116 Pac. 530].)

Under the issues in the case, the court did not err in permitting the respondents to show that they believed that the William Plumb reported to them as having committed the burglary was the appellant, and as explanatory of their attitude as to actual malice, that it had in fact been reported to them from reliable sources that another person of the same name had committed the offense. But under an issue as to mere compensation only, such proofs would have been inadmissible. (*Taylor* v. *Hearst,* 118 Cal. 366 [50 Pac. 541]; Id., 107 Cal. 262 [40 Pac. 392].)

Rehearing denied.

Finch, P. J., and Burnett, J., concurred.